**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION**

| | |
|---|---|
| JONATHAN P. STEVENS, SR., | ) |
| Plaintiffs | ) ) ) |
| vs. | ) CASE NO. 2:21-cv-208 |
| CITY OF SULLIVAN, INDIANA, | ) ) ) |
| Defendant | ) ) |

***PLAINTIFF'S COMPLAINT FOR DAMAGES***

Comes now Plaintiff Jonathan P. Stevens, Sr. ("Stevens"), by counsel, and for his claims against Defendant City of Sullivan, Indiana ("Sullivan"), alleges and says:

***I. FACTUAL ALLEGATIONS***

1. Stevens is a resident of the State of Indiana, and is domiciled in Terre Haute, Vigo County, Indiana.

2. Stevens works for the Sullivan Fire Department as a paramedic. Stevens has worked for Sullivan as a paramedic since 2005. Stevens is paid his wages by the "City of Sullivan, 32 N. Court Street, Sullivan, IN 47882."

3. Sullivan pays Stevens at the rate of $16.50 per hour[1] for his work as a paramedic. Sullivan treats Stevens as a "part time" or "PRN" employee and does not provide Stevens employee benefits. Sullivan does not, and has not, paid Stevens at an overtime premium rate (which would have been one and one-half times his hourly regular rate of $16.50) for hours Stevens worked in excess of forty in any work week. Similarly, Sullivan does not, and has not,

---

[1] Sullivan paid Stevens at the rate of $14.75 per hour through October 4, 2019. It raised his wages to $16.50 per hour thereafter.

1

paid Stevens at an overtime premium rate (which would have been one and one-half times his hourly regular rate of $16.50) for hours Stevens worked in excess of fifty-three in any work week, or as much as two hundred twelve hours worked in a 28 day cycle.

4. From the face of his Sullivan pay stubs, Stevens can show that he worked and was paid at straight time for 4,013.12 hours with no overtime premium pay in 2019 and Stevens can show that he worked and was paid at straight time for 4,293.07 hours with no overtime premium pay in 2020. At a very minimum, Stevens is owed overtime compensation for at least 1,257.12 overtime hours in 2019 and 1,537.07 overtime hours in 2020. More likely under the Fair Labor Standards Act ("FLSA"), Stevens is owed overtime compensation for at least 1,933.12 overtime hours in 2019 and 2,213.07 overtime hours in 2020.

5. To provide additional examples, at a very minimum, Stevens is owed overtime premium compensation of at least $12,680.83 for calendar 2020 alone. Under the FLSA's presumptive liquidated damages provision, that figure will be doubled to $25,361.66 for calendar year 2020.

6. Sullivan has similarly continued to fail to pay Stevens for his very substantial overtime hours at overtime premium rates for his work in 2021 (January 1, 2021 to the present) and Sullivan similarly failed and refused to pay Stevens overtime premium compensation for his overtime hours during calendar year 2018 (the portion covered by the FLSA's three year statute of limitations for willfulness).

7. For a long period of time, Stevens has been working, on average, more than 80 hours per week. Sullivan employs only one other paramedic, who works similar long hours.

8. Stevens has directly communicated with his Sullivan supervisors the fact that he

is owed overtime premium compensation for his overtime hours of work.  Sullivan has told Stevens it will not pay him overtime premium compensation and Sullivan has refused to correct the company's violation of the FLSA or to even take action to investigate its obligations under the FLSA.

9. Sullivan owes Stevens unpaid overtime compensation and liquidated damages for thousands of overtime hours he has worked since May 2018.  Stevens is a non-exempt employee, entitled to overtime compensation under the FLSA.

10. Sullivan has willfully, intentionally, knowingly and in bad faith violated Stevens' rights under the Fair Labor Standards Act.  By way of this Complaint, Stevens is seeking all available damages, including, but not limited to, all unpaid overtime compensation, all liquidated and/or statutory damages, plus payment of his reasonable attorney's fees, costs and expenses.

## II.  JURISDICTION AND VENUE

11. This Court has jurisdiction over the subject matter of this Complaint under 28 USC § 1331 and 29 USC § 201 et seq, as Stevens raises federal questions of law.

12. Venue is proper in this Court pursuant to 28 USC § 1391 because the unlawful conduct alleged herein was committed in the Southern District of Indiana.

## III.  STATEMENT OF CLAIMS UNDER THE FAIR LABOR STANDARDS ACT

13. Stevens incorporates herein by reference paragraphs 1 through 12 above.

14. Sullivan is a covered employer subject to the provisions of the Fair Labor Standards Act, as it is a "public agency."  Further, Sullivan is an "employer" as that term is defined under the FLSA at 29 USC § 203(d).

15. Sullivan has violated Stevens' right to be properly paid overtime wages in a

manner required by the FLSA. Specifically, Stevens is a non-exempt employee and Sullivan was and is required to pay Stevens at an overtime premium rate for any and all hours worked each week in excess of forty (40) (or, in the alternative, an average of 53 per week).

16. Sullivan's failure to comply with the FLSA's provisions regarding overtime compensation is willful and without justification.

17. Stevens seeks all available damages, including unpaid overtime compensation, liquidated damages, payment of reasonable attorney's fees, costs and expenses, and any and all other damages to which he may be entitled for the Defendant's violations of the Fair Labor Standards Act.

### IV.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jonathan P. Stevens, Sr. respectfully requests that the Court enter judgment against Defendant City of Sullivan, and issue to Stevens all available relief, including, but not limited to, the following:

1. All damages available under the FLSA, including all unpaid overtime wages, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

2. Costs;

3. Pre-judgment interest, if available; and

4. Any and all other relief just and proper in the premises.

Respectfully submitted,

HASSLER KONDRAS MILLER LLP

            By<u>/s/Robert P. Kondras, Jr.   </u>
             Robert P. Kondras, Jr.
             Attorney No. 18038-84
             100 Cherry Street
             Terre Haute, IN 47807
             (812) 232-9691
             Facsimile: (812) 234-2881
             kondras@hkmlawfirm.com